FLOYD v. DEARBORN.

In proceedings under the Code, the rule that prevailed in suits at law is to govern, viz: That the pleader shall aver only the fact on which his cause of action, or his defense, rests, and not the circumstances which tend to prove that fact. The party pleading has not a right, by averring probatory circumstances, to demand from his adversary an admission or denial of their truth.

To a complaint filed to recover possession of personal property, the defendant put in an answer setting up the recovery of a judgment, and the issuing of an execution, against one Edward Floyd, with an averment that the goods declared on were the property of Edward Floyd, and as such had been levied on to satisfy the execution. The answer also contained an averment that at the time of the levy, and for a long time previous, the goods had been in the possession of Edward Floyd, and used and enjoyed by him as his own.

*Gaines*, for plaintiff, moved to strike out the latter averment as impertinent. He insisted that as the answer had already set up the defense, that the goods were the property of the defendant in the execution, the averment objected to was only of a fact which would be evidence to support that defense.

*McAdam*, *contra*, claimed that as a sale of goods and chattels, unaccompanied by change of possession, was void, the defendant had a right to aver that fact, so as, under the Code, to obtain the plaintiff's admission of the fact, or to put it directly in issue.

*Edmonds*, *J.*: But your difficulty is that you are seeking

to apply a rule of equity pleadings to a strictly law action. At law the rule of pleading always has been, that it should state in a logical and legal form, the facts which constitute the cause of action or the defense, and not the evidence of those facts. The fact of Edward Floyd's ownership is the particular one which is the gist of the defense in this suit, and while a statement of that fact may be indispensable for the defendant, it is by no means necessary for him to state the circumstances which merely tend to prove the truth of it. The fact of E. Floyd's continued possession is no more than evidence of his ownership, presumptive or conclusive, according to circumstances, but still only evidence.

It was therefore unnecessary for the defendant in his answer to aver it, and the averment must be stricken out unless the defendant has a right, as he claims, to the plaintiff's explicit admission or denial of it on the record.

In suits in equity where one party had a right to call upon the other, not only to set up his defense to the action, but also to testify in regard to it, the strict rule of pleading which I have stated did not apply, and the plaintiff was allowed to aver, not only the fact on which his cause of action rested, but also the circumstances merely tending to prove it, so as to obtain evidence in regard to it, in the form of an admission in the pleadings. But all that is now done away with, by that provision of the Code which abolishes bills of discovery, and substitutes in their place an oral examination of the party. And the rule of pleading is now universal which formerly prevailed in all cases on the law side of the Court, and in those cases on the equity·side, where a discovery was not sought, namely, that the pleading must contain only an averment of the fact, which is the gist of the cause of action or defense, and not averments of circumstances which merely tend to prove that fact.

Motion granted, costs to abide the event.